UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO.   4:19-CR-00744-HEA-NAB |
| BRIDGET CARROLL, | ) ) ) ) | |
| Defendant. | ) | |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

**1.   PARTIES:**

The parties are the defendant, BRIDGET CARROLL, represented by defense counsel, Lucy Liggett, Esq., and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri.   This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri.   The Court is neither a party to nor bound by this agreement.

**2.   GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts 2 and 3 of the Indictment, the United States agrees to move for the dismissal of Count 1 of the indictment at the time of sentencing. The United States further agrees that no further federal prosecution will be brought in this District relative to the defendant's aggravated identity theft and theft of government funds, between November 12, 2016, and December 20, 2018, of which the Government is aware at this time.

In addition, the parties agree that the U.S. Sentencing Guidelines Total Offense Level analysis agreed to by the parties is the result of negotiation and led, in part, to the guilty plea. The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines and Title 18, United States Code, Section 3553(a) as long as notice of any such request be given no later than ten days prior to sentencing and that said notice shall specify the legal and factual bases for the request.

**3.   ELEMENTS:**

As to Count 2, the defendant admits to knowingly violating Title 18, United States Code, Section 1028(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(1)   the defendant knowingly produced an identification document, authentication feature, or false identification document;

(2)   without lawful authority; and

(3)   the production of the identification document, authentication feature, or false identification document was in or affected interstate commerce.

As to Count 3, the defendant admits to knowingly violating Title 18, United States Code, Section 641, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are:

(1)   the defendant voluntarily, intentionally and knowingly embezzled, stole, and knowingly converted money to her own use and to the use of another; and

    (2)        the money belonged to the United States;

    (3)        the aggregate value of the funds exceeded $1,000.00; and,

    (4)        the defendant did so with intent to deprive the owner of the use or benefit of the money or property so taken.

**4.   FACTS:**

The parties agree that the facts in this case are as follows and that the government would prove these facts beyond a reasonable doubt if the case were to go to trial.   These facts may be considered as relevant conduct pursuant to Section 1B1.3:

The Missouri Department of Revenue received a report that Bridget Carroll (Defendant) had been issued a Missouri Driver's License with the name and identifying information of her deceased roommate, L.C. The Department of Revenue confirmed that a Missouri Driver's License had been issued on April 14, 2016, bearing L.C.'s name and identifying information, and Defendant's photograph.

The Department of Revenue forwarded this information to the Office of Inspector General Social Security Administration. An OIG investigating agent found that L.C. had been receiving Social Security Administration Retirement Insurance benefits of $1,077.00 per month, and she was her own representative payee. L.C. had died on November 12, 2016, but the Social Security Administration had not been notified of L.C.'s death until December 20, 2018. Therefore, the Social Security Administration had continued depositing L.C.'s benefits into her bank account following her death, for a total overpayment of $26,200.00. Bank records showed that Defendant was a joint account holder for the account where L.C.'s benefits had been deposited.

Defendant was interviewed by an investigating OIG Special Agent. Defendant admitted to

3

taking L.C.'s Social Security benefits following L.C.'s death. Defendant also admitted to obtaining the driver's license with L.C.'s identifying information.

The Defendant admits herein to knowingly producing a false identification document, without lawful authority, with said production in or affecting interstate commerce.

The Defendant further admits herein that she voluntarily, intentionally, and knowingly embezzled, stole, and converted money to her own use and to the use of another, money that belonged to the United States, to wit: $26,200.00 in Social Security benefits, with the intent to deprive the owner of the use or the benefit of the money or property so taken.

**5.   STATUTORY PENALTIES:**

The defendant fully understands that the maximum possible penalty provided by law for the crime of unlawful production of a document or authentication feature to which the defendant is pleading guilty in Count 2 is imprisonment of not more than 15 years, a fine of not more than $250,000.00, or both such imprisonment and fine. The Court may also impose a 3 year period of supervised release.

The defendant further understands that the maximum possible penalty provided by law for the crime of theft of government funds to which the defendant is pleading guilty in Count 3 is imprisonment of not more than 10 years, a fine of not more than $250,000.00, or both such imprisonment and fine. The Court may also impose a 3 year period of supervised release.

**6.   U.S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that the indictment is affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the

4

Criminal History Category.   The parties agree that the following are the applicable U.S. Sentencing Guidelines Total Offense Level provisions.

    **a.   Chapter 2 Offense Conduct:**

        **(1)   Base Offense Level:**   The guideline for Counts 2 and 3 is found under USSG §2B1.1. The parties agree that the base offense level is **6** as found in Section 2B1.1(a)(2).

        (2)   **Chapter 2 Specific Offense Characteristics**:   The parties submit that the following specific offense characteristic applies: **4** levels should be added pursuant to Section 2B1.1(b)(1)(C) because the actual loss resulting from the offense was more than $15,000.00 but less than $40,000.00.

    **b.   Chapter 3 Adjustments:**

    **Acceptance of Responsibility**:   The parties recommend that **2** levels should be deducted pursuant to Section 3E1.1(b) because the defendant has clearly demonstrated acceptance of responsibility.   The parties agree that the defendant's eligibility for this deduction is based upon information presently known.   If subsequent to the taking of the guilty plea the government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

    **c.   Estimated Total Offense Level:**   The parties estimate that the Total Offense Level as to Count 3 is **8**.

**d.   Criminal History:**   The determination of the defendant's Criminal History Category shall be left to the Court.   Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable category.   The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

**e.   Effect of Parties' U.S. Sentencing Guidelines Analysis:**   The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.   The parties may not have foreseen all applicable Guidelines.   The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.   WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**a.   Appeal:**   The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**(1)   Non-Sentencing Issues:**   The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

**(2)   Sentencing Issues:**   In the event the Court accepts the plea, accepts the U.S. Sentencing Guidelines Total Offense Level agreed to herein, and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than

6

Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea, the agreed Total Offense Level and sentences the defendant within or above that range.

**b.   Habeas Corpus:**   The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

**c.   Right to Records:**   The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.   OTHER:**

**a.   Disclosures Required by the United States Probation Office:**   The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the government.

**b.   Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**   Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

**c.   Supervised Release:**   Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed.   As a special condition of supervised release, defendant agrees not to initiate any contact, direct or indirect, with victims of the offense or identified government witnesses.   These conditions will be restrictions on the defendant to which the defendant will be required to adhere.   Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.   The defendant understands that parole has been abolished.

**d.   Mandatory Special Assessment:**   Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $200.00, which the defendant agrees to pay at the time of sentencing.   Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**e.   Fines, Restitution and Costs of Incarceration and Supervision:**   The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision.   The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately.   The precise amount of restitution is unknown at the present time.   Pursuant to Title 18, United States Code, Section 3663A, an order of restitution is mandatory for all crimes listed in Section 3663A(c).   Regardless of the Count of conviction, the amount of mandatory restitution imposed shall include all amounts allowed by Section 3663A(b)

and the amount of loss agreed to by the parties, including all relevant conduct loss. The defendant agrees to provide full restitution to all victims of all charges in the indictment.

**9.   ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**   In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the government to prove the elements of the offenses against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the government's evidence and discussed the government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has

9

completely and satisfactorily explored all areas which the defendant has requested relative to the government's case and any defenses.

## 10.   VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:

This document constitutes the entire agreement between the defendant and the government, and no other promises or inducements have been made, directly or indirectly, by any agent of the government, including any Department of Justice attorney, concerning any plea to be entered in this case.   In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.   The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

## 11.   CONSEQUENCES OF POST-PLEA MISCONDUCT:

After pleading guilty and before sentencing, if defendant commits any crime, other than minor traffic offenses, violates any condition of release that results in revocation, violates any term of this guilty plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement.   The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

## 12.  NO RIGHT TO WITHDRAW GUILTY PLEA:

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the government agrees to dismiss or not to bring.

_4/6/21_
Date

DIANE E.H. KLOCKE   61670 MO
Special Assistant United States Attorney

_8 April 2021_
Date

BRIDGET CARROLL
Defendant

_4/2/2021_
Date

LUCY LIGGETT, ESQ.  #34589 MO
Attorney for Defendant

11